**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ceferino APONTE, Defendant–Appellant.**

No. 93–2662
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 27, 1994.

Luis Gomez, Orlando, FL, for appellant.

Kathleen A. O'Malley, Asst. U.S. Atty., Jacksonville, FL and Tamra Phipps, Asst. U.S. Atty., Tampa, FL, for appellee.

Before TJOFLAT, Chief Judge, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

In this case, appellant Aponte pled guilty to the use of a firearm in carrying out a conspiracy to possess with intent to distribute heroin and cocaine. Aponte thereafter cooperated with the Government, testifying against a codefendant who had opted to go to trial. The codefendant was convicted.

Aponte faced a mandatory minimum sentence of 60 months, which correlates to the guideline range applicable to a base offense level of 24 (given Aponte's criminal history category of I). At Aponte's sentencing, the Government moved the district court pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to give Aponte a sentence below the applicable statutory mandatory minimum sentence to reflect Aponte's substantial assistance in the investigation and the successful prosecution of the codefendant. The district court, accepting the Government's request, departed downward from the prescribed guidelines range and placed Aponte's offense at level 20; using that offense level, the court sentenced Aponte to 41 months imprisonment.

Aponte appeals, contending that the district court should have disregarded the mandatory minimum sentence altogether when it received the Government's motion. Under Aponte's calculus, the court should have started not with a base offense level of 24, but with a base offense level of 12 (under

U.S.S.G. § 2K2.1(a)(7)). In addition, Aponte suggests that the court also should have given Aponte credit for his acceptance of responsibility (for his criminal conduct), his minor role in the offense, and any other mitigating factor the record may have disclosed. We disagree.

In *United States v. Chavarria–Herrara*, 15 F.3d 1033, 1037 (11th Cir.1994), the district court reduced the defendant's sentence below the prescribed statutory minimum sentence under Fed.R.Crim.P. 35(b); in so doing, the district court considered factors other than the defendant's substantial assistance. We vacated the sentence reduction and remanded, holding that "[t]he plain language of Rule 35(b) indicates that the reduction shall reflect the [substantial] assistance of the defendant [in the investigation or prosecution of another person who has committed an offense]; it does not mention any other factor that may be considered." *Id.* at 1037.

Section 3553(e) does the same service as does Rule 35(b); it authorizes the district court, on the government's motion, to impose a sentence "below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Given that Rule 35(b) and section 3553(e) utilize the same language to achieve the same end, we accord them the same interpretation.

In this case, therefore, the district court acted well within its discretion when, in passing on the Government's motion, it used the base offense level of 24 and accorded Aponte full credit only for the "substantial assistance" he had rendered the Government in its investigation and prosecution of his codefendant.

AFFIRMED.