PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/25/99
THOMAS K. KAHN
CLERK

_____

No. 98-8491

_____

D. C. Docket No. 96-CR-23-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERSCHEL HEAD, JR.,
a.k.a. "JR",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 25, 1999)**

Before BARKETT, Circuit Judge, KRAVITCH and MAGILL[*], Senior Circuit Judges.

KRAVITCH, Senior Circuit Judge:

---

[*] Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Herschel Head pled guilty to one count of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846. After compiling a Presentence Investigation Report, the probation officer calculated an offense level of 28 based upon the amount of methamphetamine involved in the conspiracy. Head received a three-level reduction in his offense level for accepting responsibility pursuant to U.S.S.G. § 3E1.1. The probation officer therefore set the total offense level at 25 and, after factoring in Head's criminal history category, determined an applicable guideline range of between 70 and 87 months of imprisonment. The probation officer, however, noted that 21 U.S.C. § 841(b)(1)(A) imposed a mandatory minimum sentence of 120 months and recommended that sentence.

Prior to sentencing and pursuant to the plea agreement, the government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) in recognition of Head's substantial assistance to the government.[1] At the sentencing hearing, Head urged the district court to use the range of 70 to 87 months as the point from which to grant the downward departure; the government argued that the court had to start with the mandatory minimum sentence of 120 months. The district court granted the government's motion but rejected Head's argument and used

---

[1] The government's motion for downward departure initially referred only to § 5K1.1, but the government amended it to include reference to § 3553(e). Without that addition, the district court would not have had the authority to depart beneath the mandatory minimum sentence. See Melendez v. United States, 518 U.S. 120, 116 S. Ct. 2057 (1996).

120 months as its point of departure. The court then awarded a 24 month downward departure and imposed a sentence of 96 months.

On appeal, Head renews his argument that the district court erred by using the mandatory minimum sentence as the starting point for departure.[2] We review a district court's interpretation of the sentencing guidelines and statutes de novo. See United States v. Maurice, 69 F.3d 1553, 1556 (11th Cir. 1995); United States v. Hayes, 5 F.3d 292, 294 (7th Cir. 1993).[3] As we discern no error in the district court's decision, we affirm Head's sentence.

We considered the appropriate starting point for a section 5K1.1 departure when the defendant faces a statutory minimum sentence in United States v. Aponte, 36 F.3d 1050 (11th Cir. 1994) (per curiam). We affirmed the district court's use of the mandatory minimum sentence—60 months for using a firearm in relation to a drug offense—as the point of departure. We rejected, without discussion, the defendant's argument that the sentencing court should have ignored the mandatory minimum and departed from a lower alternative point based on the

---

[2] Head did not waive his right to appeal sentencing issues in his plea agreement.

[3] We generally may not review a district court's refusal to grant a § 5K1.1 downward departure or the extent to which the court departs. See United States v. Luiz, 102 F.3d 466, 468 (11th Cir. 1996). Head's appeal, however, concerns the legal interpretation of the relevant guidelines and statutes and addresses neither the court's decision to depart nor the amount of the downward departure. Accordingly, we review the matter de novo. Id.

defendant's reading of a guideline provision that addresses the unlawful possession of firearms.

In a case that also involved the 60 month mandatory minimum sentence for the illegal use of firearms, the Eighth Circuit followed our lead in Aponte and held that the mandatory minimum sentence represents the appropriate point of departure. See United States v. Schaffer, 110 F.3d 530, 532-34 (8th Cir. 1997). The Schaffer court considered the defendant's argument that section 3553(e), which authorizes a sentence below the statutory minimum, required the district court to ignore the mandatory minimum sentence when considering a motion for downward departure based upon the defendant's substantial assistance.[4] The defendant argued that the second sentence of section 3553(e), which instructs the court to impose a sentence "in accordance with the guidelines," requires the sentencing court to calculate the guideline sentence that the defendant would receive in the absence of the statutory minimum and use that

---

[4] The statute provides:

**Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3553(e).

sentence as the departure point.[5]  The Eighth Circuit rejected the argument and explained that, because the guideline provision applicable to the defendant's firearm offense referred the court back to the statutory minimum, that minimum sentence became the guideline sentence for the purposes of downward departure.  See Schaffer, 110 F.3d at 533-34.

Head attempts to distinguish Aponte and Schaffer by arguing that the Guidelines' unique treatment of firearms offenses dictated the result in those cases. Head contends that the Guidelines do not provide an alternative, measured range of sentences that would apply in the absence of the statutory minimum sentence that Congress set forth in section 924(c)(1) for firearms violations.[6]  He argues that because, in contrast, the Guidelines specifically provide for the offense to which he pled guilty and produce an alternative range of 70 to 87 months, the district court improperly ignored section 3553(e)'s instruction to impose a sentence in accordance

---

[5]  To arrive at a lower alternative starting point, the defendant in Schaffer relied upon U.S.S.G. § 2X5.1, which directs the court to use the most analogous offense guideline for offenses not expressly addressed in the Guidelines, because the Guidelines do not impose an offense level for a violation of 18 U.S.C. § 924(c).  See U.S.S.G. § 2K2.4 (noting that Congress imposed the punishment for violation § 924(c) in the statute).

[6]  In both Aponte and Schaffer the defendants used (arguably applicable) analogous guidelines to arrive at the alternative lesser sentences from which they proposed the court depart downward.  See Schaffer, 110 F.3d at 533 (relying upon § 2K5.1); Aponte, 36 F.3d at 1051-52 (relying upon 2K2.1(a)(7)).

with the Guidelines when it used the mandatory minimum sentence as the starting point for departure.

The Seventh Circuit identified the flaw in Head's proposed analysis when it considered a similar argument in United States v. Hayes, 5 F.3d 292 (7th Cir. 1993). Much like Head, the defendant in Hayes pled guilty to a drug offense that would have produced an initial guideline range of 21 to 27 months but fell under a higher mandatory minimum sentence. Id. at 294. The sentencing court used the mandatory minimum as its starting point for downward departure despite the defendant's argument that section 3553(e) required the court to use the lower applicable guideline sentence. The Seventh Circuit explained that U.S.S.G. § 5G1.1(b), which addresses the implementation of statutory minimum sentences under the Guidelines, made the statutory minimum sentence the guideline sentence.[7] The Hayes court, therefore, held that the lower guideline range no longer applied and that the appropriate starting point for considering the motion for downward departure was the statutory minimum sentence. Id. at 295. See also United States v. Padilla, 23 F.3d 1220, 1222 & n.3 (7th Cir. 1994) (citing Hayes with approval).

_____

[7] The section provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

6

Head's only rejoinder to the <u>Hayes</u> court's application of section 5G1.1(b) in this manner is to argue that it conflicts with an application note to U.S.S.G. § 2D1.1, the provision that governs Head's underlying drug offense. Application note 7 provides that:

> Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be "waived" and a lower sentence imposed (including a sentence below the applicable guideline range) . . . by reason of a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense."

U.S.S.G. § 2D1.1, comment. (n.7) ("note 7") (quoting section 5K1.1). Head argues that a straightforward reading of this provision compels the conclusion that the terms "mandatory minimum sentence" and "applicable guideline range" refer to different sources of authority and, hence, different sentences. He therefore contends that the <u>Hayes</u> court's substitution of the mandatory minimum sentence for the applicable guideline sentence is at interpretive odds with the text of note 7. He further argues that because section 2D1.1 precedes section 5G1.1(b), we must apply note 7 first and thus waive the statutory minimum sentence before we reach section 5G1.1. <u>See</u> U.S.S.G. § 1B1.1 (instructing courts on the order in which to apply the Guidelines).

Although note 7 refers to downward departures for defendants' substantial assistance, it provides no direction for choosing the starting point from which the sentencing court must depart. Instead, note 7 observes that in some cases involving

a statutory minimum sentence, the court <u>may</u> waive that minimum sentence and impose a sentence below the statutory minimum. The district court's authority to depart downward for substantial assistance appears in section 5K1.1 and represents one of the last steps the court must take in imposing a sentence. <u>See</u> U.S.S.G. § 1B1.1 (directing the court to consider Parts H and K of Chapter 5 as the final step in applying the Guidelines). Of particular significance, the Guidelines do not contemplate a downward departure for substantial assistance until <u>after</u> the court applies section 5G1.1(b), which establishes that the applicable guideline sentence <u>shall be</u> the mandatory minimum sentence. Applying the Guidelines in order, therefore, produces a pre-departure guideline sentence of 120 months in Head's case. As a result, the district court's decision to use 120 months as the starting point for its downward departure did not transgress section 3553(e)'s direction to make departure decisions in accordance with the applicable guidelines.[8]

Accordingly, we AFFIRM.

---

[8]   This mechanical application of the relevant guideline provisions demonstrates that any interpretive tension that our reading of § 5G1.1(b) causes with note 7, is both fleeting and of no consequence. Note 7 merely foreshadows a downward departure that the court cannot perform until after the court has considered and applied § 5G1.1(b). The Guidelines, in note 7, accurately refer to the mandatory minimum and the applicable guideline range as two different entities while the court considers § 2D1.1, but by the time the court turns to a downward departure it already will have equated the applicable guideline sentence with the mandatory minimum pursuant to § 5G1.1(b).