[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 10, 2006
THOMAS K. KAHN
CLERK

No. 06-11714
Non-Argument Calendar

_____

D. C. Docket No. 04-00518-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN STROBELE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 10, 2006)**

Before CARNES, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Shawn Strobele appeals his 51-month sentence for conspiring to possess

with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(vii), and for possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii).  Because Strobele's 120-month statutory minimum sentence exceeded the applicable Guideline range, the district court first applied U.S.S.G. § 5G1.1(b), under which the Guideline range became the statutory minimum 120 months' imprisonment, before departing downward pursuant to U.S.S.G. § 5K1.1.

On appeal, Strobele argues that the district court erred in concluding that the Guideline range was the statutory minimum sentence, as opposed to the lesser range found in the Guidelines sentencing table, in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  He argues that Booker invalidated our opinion in United States v. Head, 178 F.3d 1205 (11th Cir. 1999), in which we held that the appropriate starting point for a U.S.S.G. § 5K1.1 departure when a defendant faces a statutory minimum sentence was not the applicable Guideline range, but rather the statutory minimum sentence.

Under our precedent, we must reject Strobele's argument.  "Post-Booker, we continue to review the district court's application of the Guidelines just as we did pre-Booker:  The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted

2

unless clearly erroneous." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir.

2005) (quotation omitted). As we have explained:

> [A]fter Booker, the district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. This consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines: After Booker, the Federal Sentencing Guidelines remain an essential consideration in the imposition of federal sentences, albeit along with the factors in § 3553(a). A sentencing court under Booker still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before Booker. In other words, as was the case before Booker, the district court must calculate the Guidelines range accurately. A misinterpretation of the Guidelines by a district court effectively means that the district court has not properly consulted the Guidelines.

United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (quotations

and citations omitted).

According to U.S.S.G. § 5G1.1(b), "[w]here a statutorily required minimum

sentence is greater than the maximum of the applicable guideline range, the

statutorily required minimum sentence shall be the guideline sentence." Moreover,

a court has only limited authority, "[u]pon motion of the Government, . . . to

impose a sentence below a level established by statute as a minimum sentence so

as to reflect a defendant's substantial assistance in the investigation or prosecution

of another person who has committed an offense." 18 U.S.C. § 3553(e).

In Head, we held that when a defendant faces a statutory minimum sentence,

3

the appropriate starting point for a U.S.S.G. § 5K1.1 departure is the statutory minimum sentence, not the otherwise applicable Guideline range. 178 F.3d at 1208. Specifically, we noted that "the Guidelines do not contemplate a downward departure for substantial assistance until after the court applies section 5G1.1(b), which establishes that the applicable guideline sentence shall be the mandatory minimum sentence." Id. Accordingly, a court is to apply § 5G1.1(b) before departing downward, pursuant to § 5K1.1. Id. Furthermore, we have stated that a "district court was, and still is, bound by the statutory minimums." United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). Finally, we have concluded that "Booker does not render application of individual guideline provisions advisory because the district court remains obligated correctly to calculate the Guidelines range pursuant to 18 U.S.C. § 3553(f)(1)." United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006).

**AFFIRMED.**