[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12827
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00257-CR-3-SLB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ALVIN DEWAYNE MADDEN,
a.k.a. Wayne,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 4, 2007)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

The government appeals the 53-month sentence imposed on Alvin Madden

for conspiring to distribute and possess with the intent to distribute cocaine and marijuana. The government argues that the district court erred by (1) considering factors unrelated to Madden's substantial assistance in determining how much to depart under U.S.S.G. § 5K1.1; (2) not using the applicable guidelines range, as modified by the statutory minimum sentence, as its starting point from which to depart under § 5K1.1; and (3) imposing an unreasonable sentence.

*Consideration of Factors Under U.S.S.G. § 5K1.1*

The government first argues that the district court erred by considering factors unrelated to Madden's substantial assistance in determining how much to depart under U.S.S.G. § 5K1.1.

We review "arguments raised for the first time on appeal for plain error." *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001) (reviewing arguments the government raised for the first time on appeal). In order to object sufficiently before the district court to preserve an issue for appeal, a litigant's objection must be "in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003). We

> will find plain error only where (1) there is an error in the
> district court's determination; (2) the error is plain or

2

obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Clark*, 274 F.3d at 1326. The government may show plain error where the error "dramatically impacted the sentence, and thereby affected the substantial rights of the government and the people of the United States that the defendant be sentenced correctly in accordance with the legal principles of the sentencing guidelines." *Id.* at 1329 (quotation and alterations omitted).

"[D]istrict courts are prohibited from considering sentencing factors unrelated to the nature and extent of a defendant's assistance in making § 5K1.1 departures." *United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006). In ruling on a government motion for departure based upon substantial assistance, district courts may consider the following factors, set forth in U.S.S.G. § 5K1.1: (1) "the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered"; (2) "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant"; (3) "the nature and extent of the defendant's assistance"; (4) "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance"; and (5) "the timeliness of the defendant's assistance." U.S.S.G. § 5K1.1(a) (quoted in *Martin*, 455 F.3d at

1235).  "[I]n meting out a substantial assistance departure the court may consider factors outside the § 5K1.1(a) list, but only if they are related to the assistance rendered."  *United States v. Crisp*, 454 F.3d 1285, 1289 (11th Cir. 2006) (citing U.S.S.G. § 5K1.1, comment. (backg'd.)).

The government failed to object before the district court on the ground that the district court was considering impermissible factors.  Instead, the government's only objections concerned the extent of the district court's departure.  The government's objection to the extent of the departure did nothing to alert the district court that the government believed that the district court was considering impermissible factors.  Therefore, because the government failed clearly to articulate its objection to the district court's consideration of allegedly impermissible factors, we review for plain error.  *See Zinn*, 321 F.3d at 1088.

In this case, the district court repeatedly considered factors that were unrelated to Madden's assistance.  In particular, the district judge stated that she was looking at "deterrence and what a person can do when they get out" and "what is a just sentence," in addition to asking "is he going to go back and start dealing drugs again?"  The district judge also stated that she was "kind of changing [her] view a little more favorably towards [Madden]" after she learned that he had not been involved with drugs after he got out of prison in 2004.  Such considerations

4

are impermissible factors for a departure under § 5K1.1 because they are unrelated to Madden's assistance to authorities. *See Martin*, 455 F.3d at 1236. Therefore, the district court committed error that was plain. Furthermore, the error was prejudicial to the government's interest in Madden receiving a just sentence in light of the extreme departure the district court granted after it considered the impermissible factors. In addition, granting such an extreme departure on impermissible grounds affects the "fairness, integrity, or public reputation of judicial proceedings." *Clark*, 274 F.3d at 1326. Accordingly, the district court committed plain error, and we remand this case for resentencing.

*Starting Point for U.S.S.G. § 5K1.1 Departure*

The government argues that the district court erred by not using the applicable guidelines range, as modified by the statutory minimum sentence, as its starting point from which to depart under U.S.S.G. § 5K1.1.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." *United States v. Ellis*, 419 F.3d 1189, 1192 (11th Cir. 2005) (quotation omitted). Although *Booker* has rendered the guidelines range advisory, the correct application of individual guideline provisions is obligatory. *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir.), *cert. denied*, 127 S. Ct. 457

5

(2006). We review the district court's interpretation of the guidelines *de novo*. *United Crisp*, 454 F.3d at 1288. We have stated that "the Guidelines do not contemplate a downward departure for substantial assistance until *after* the court applies section 5G1.1(b), which establishes that the applicable guideline sentence *shall be* the mandatory minimum sentence." *United States v. Head*, 178 F.3d 1205, 1208 (11th Cir. 1999). Therefore, the mandatory minimum sentence is the appropriate starting point for a § 5K1.1 departure. *Id.* at 1206-07.

The district judge stated that she had "been looking more at departing from what the Guideline level would have been absent the statutory minimum sentence." This is error because we have held that the proper departure point is the guideline range after the statutory minimum has been applied. *See Head*, 178 F.3d at 1208.

*Reasonableness of Madden's Sentence*

We review the defendant's ultimate sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005).

We need not decide the reasonableness of Madden's current sentence because we are remanding the case for resentencing.

**VACATED AND REMANDED.**

6