[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

No. 09-14917
Non-Argument Calendar

_____

D. C. Docket No. 05-00039-CR-4-SPM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL ALEXANDER SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 12, 2010)

Before BIRCH, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Donnell Alexander Smith, proceeding <u>pro se</u>, appeals from the district

court's order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in sentence based on Amendment 706 to the United States Sentencing Guidelines. Amendment 706 provided for a two-level reduction in the sentencing guideline base offense level for certain defendants who had been sentenced for crack cocaine offenses. Smith argues that the district court erred in concluding that he was not eligible for a reduction under Amendment 706 because his guidelines range was determined by a statutory mandatory minimum sentence and not U.S.S.G. § 2D1.1. After thorough review, we affirm the judgment of the district court.

I.

Smith pleaded guilty to a five-count indictment alleging, among other things, conspiracy to distribute more than 50 grams of crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. In his written plea agreement, Smith acknowledged that his conviction for these offenses carried a mandatory minimum 120-month sentence, followed by a statutorily mandated consecutive 60-month sentence. At sentencing, the district court determined that Smith's advisory guidelines range was 168 to 210 months in prison. Because Smith faced a combined statutory mandatory minimum sentence of 180 months, however, his guidelines range became 180 to 210 months pursuant to U.S.S.G. § 5G1.1(c)(2). Smith requested a 180-month sentence at the bottom of the

2

guidelines range, which the district court imposed.

Smith did not appeal his sentence and continued to cooperate with the government. This cooperation evidentially bore fruit, because the government filed a motion under Federal Rule of Criminal Procedure 35(b) for a reduction in Smith's sentence based on his substantial assistance. Following this, the district court reduced Smith's sentence to 161 months.

Smith then filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2). He argued that he was entitled to a further reduction in his sentence based on Amendment 706. The district court denied the motion, however, finding that Smith's guidelines range was not affected by Amendment 706 because it was set by the mandatory minimum sentences. Smith moved for reconsideration, which the district court summarily denied. This appeal followed.

## II.

Smith argues that the district court erred in concluding that because he received a statutory minimum sentence, his guidelines range was unaffected by Amendment 706. He argues that because he was granted relief following the government's Rule 35(b) motion, his statutory mandatory minimum "has been eliminated." Therefore, according to Smith, he is eligible for a further reduction in his sentence despite the fact that the statutory mandatory minimum sentences

3

originally fixed the low-end of his guidelines range.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. However, where the issue presented involves a legal interpretation, our review is de novo." United States v. Williams, 549 F.3d 1337, 1338–39 (11th Cir. 2008) (quotations and citation omitted).

Section 3582(c) gives federal courts authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

"Amendment 706 allows a defendant to seek a reduction in his sentence if that sentence is based on the § 2D1.1 offense level for crack cocaine." Williams, 549 F.3d at 1339; see also U.S.S.G. App. C., amend. 706. The Sentencing Commission's applicable policy statement provides, however, that a reduction in the defendant's sentence is not authorized where Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §

4

1B1.10(a)(2)(B). Thus, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Id. § 1B1.10 cmt. n.1(A).

We have repeatedly held that relief under Amendment 706 is not available where a defendant's original sentence is based on something other than § 2D1.1, such as a statutory mandatory minimum or the career offender provisions of the Sentencing Guidelines. See, e.g., Williams, 549 F.3d at 1339–40 (sentence based on statutory mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(B)(iii)); United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008) (sentence based on career offender enhancement under U.S.S.G. § 4B1.1). This is because the mandatory minimum sentence effectively displaces the guidelines range for the original offense. Williams, 549 F.3d at 1340. The defendant's resulting sentence therefore is not determined based on the § 2D1.1 offense level for crack cocaine offenses, and Amendment 706 "does not have the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10 cmt. n.1(A); Williams, 549 F.3d at 1339–40.

A district court's decision to impose a sentence below an otherwise

5

applicable mandatory minimum based on the defendant's substantial assistance does not change this result. In Williams, for example, we considered whether a defendant who was subject to a 120-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) was nonetheless eligible for a reduction under Amendment 706 because the district court imposed a downward departure sentence pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Williams, 549 F.3d at 1338. We rejected the argument that "the district court's granting of the § 5K1.1 motion effectively waived the statutory mandatory minimum and thus entitled [the defendant] to a sentence reduction under Amendment 706." Id. at 1339–40. We explained that because the defendant's sentence was based on the mandatory minimum, any departure was from the mandatory minimum rather than the base offense level. Id. at 1340. That being so, any change in the guidelines range for the original offense would not affect the defendant's sentence because the district court's "point of departure would not shift as a result of the amendment's lowering of the crack offense levels." Id.

Our decision in Williams forecloses Smith's claim for a sentence reduction under Amendment 706. Smith's 180-month sentence was based on consecutive mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A)(iii) and 18 U.S.C. § 924(c)(1), respectively. These mandatory minimums effectively replaced his

original guidelines range of 168 to 210 months.  Because he was not sentenced according to the base offense level in U.S.S.G. § 2D1.1, he does not fall within the scope of Amendment 706.  See Williams, 549 F.3d at 1340–42.

The fact that Smith received a sentence reduction under Rule 35(b), as opposed to U.S.S.G. § 5K1.1, does not change this conclusion.[1]  Such a reduction "does not constitute a waiver" or "somehow eliminate the otherwise applicable mandatory minimum."  Id. at 1341. And because the point of the district court's departure does not shift as a result of the lowering of the crack cocaine offense levels by Amendment 706, id. at 1340, the amendment "does not have the effect of lowering the defendant's applicable guideline range,"  U.S.S.G. § 1B1.10(a)(2)(B).  That being the case, Smith is not entitled to a sentence reduction under Amendment 706.  The judgment of the district court is **AFFIRMED**.

---

[1] It is of no moment that Williams involved a downward departure under 18 U.S.C. § 3553(e), while the district in this case reduced Smith's sentence under Rule 35(b). As we have explained:

> Section 3553(e) does the same service as does Rule 35(b); it authorizes the district court, on the government's motion, to impose a sentence "below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Given that Rule 35(b) and section 3553(e) utilize the same language to achieve the same end, we accord them the same interpretation.

United States v. Aponte, 36 F.3d 1050, 1052 (11th Cir. 1994).