[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11743
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00200-SDM-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINTEN EARNEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 9, 2012)

Before BARKET, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Quinten Earnest, proceeding through counsel, appeals the reduction of his original sentence to 78 months' imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 of the Guidelines.  On appeal, Earnest argues that the court should have calculated his sentence reduction without regard to the statutory minimum sentence of 120 months' imprisonment.  Relying on a recent Supreme Court decision and changes to the Guidelines occasioned by Amendment 759, he contends that the statutory minimum was waived when the court departed from that minimum based on his substantial assistance at the original sentencing hearing.  Finding a lack of jurisdiction, we vacate the district court's order reducing Earnest's sentence and remand to the district court to reimpose Earnest's original sentence.

## I.

In 2009, Earnest pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 846.  According to Earnest's original presentence investigation report ("PSI"),  Earnest had a total offense level of 29, a criminal history category of III, and an applicable guideline range of 108 to 135 months' imprisonment.  However, the statutory mandatory minimum for his offense was 10 years' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).  Thus, his

guideline range became 120 to 135 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2). Before sentencing, the government filed a motion for a two-level downward departure based on his substantial assistance, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government noted that § 3553(e) authorized such a departure below the applicable mandatory minimum.

At sentencing, the district court granted the government's substantial-assistance motion and applied a 2-level downward departure, lowering Earnest's total offense level to 27 and his resulting range to 87 to 108 months' imprisonment. The court sentenced Earnest to 87 months' imprisonment (below the mandatory minimum of 120 months) based on its consideration of the 18 U.S.C. § 3553(a) factors.

In 2011, a probation officer filed a memorandum that indicated that Earnest was eligible for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on retroactive application of Amendment 750. The probation officer, the government, and Earnest agreed that Amendment 750 authorized the district court to re-impose a departure for substantial assistance comparable in degree to the departure imposed at the first sentencing. They disagreed, however, on the starting point for the comparable departure.

The probation officer and the government argued that, after application of

3

Amendment 750, the mandatory minimum was the guideline sentence. Thus, it was the starting point for a comparable substantial-assistance reduction. Using the mandatory minimum as the starting point and applying their proposed calculations, they determined that Earnest's post-departure range was 78 to 97 months.

In contrast, Earnest argued that the statutory minimum in his case was waived when the original sentencing court granted his motion for substantial assistance and, thus, that minimum could not be the starting point in his § 3582(c)(2) proceeding for a comparable two-level reduction for his substantial assistance. He argued that, when the statutory minimum was not considered in calculating his sentence reduction, his amended guideline range, with the comparable departure for substantial assistance, became 70 to 87 months' imprisonment.

The district court agreed with the probation officer and the government that the amended range, after the comparable departure, was 78 to 97 months. It then reduced Earnest's sentence from 87 months' imprisonment to 78 months' imprisonment. The court rejected Earnest's argument that the statutory minimum had been waived when the court granted the government's substantial-assistance motion at the original sentencing hearing. Instead, it determined that any reduction under 18 U.S.C. § 3553(e) had to begin with the lowest offense level in

4

criminal history category III that included a 120-month statutory minimum sentence.

## II.

We review *de novo* the district court's legal conclusion about its jurisdiction under the Sentencing Guidelines. *United States v. Mills*, 613 F.3d 1070, 1074 (11th Cir. 2010). The Supreme Court has held that subject-matter jurisdiction is the court's power to adjudicate a case and cannot be waived. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Federal courts are obligated to inquire *sua sponte* into jurisdiction where it may be lacking. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

Generally, a district court may not modify a term of imprisonment once it has been imposed. *See United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008). However, § 3582(c)(2) provides that a court may reduce the defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a). Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission and must be based on a retroactively applicable guideline amendment listed in U.S.S.G. § 1B1.10(c). 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a) &

comment. (backg'd).  According to U.S.S.G. § 1B1.10, a sentence reduction is not authorized under § 3582(c)(2) where it does not have the effect of lowering a defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B). Commentary further clarifies that the operation of another guideline or statutory provision, such as a mandatory minimum term of imprisonment, would not have the effect of lowering the applicable guideline range.  U.S.S.G. § 1B1.10, comment. (n.1(A)).

Under the Guidelines, where a statutory minimum sentence is greater than the maximum of the applicable Guideline sentencing range, the statutory minimum shall be the guideline sentence.  U.S.S.G. § 5G1.1(b).  Where a statutory minimum sentence exceeds part, but not all, of the guideline range, the district court may impose a sentence at any point between the statutory minimum and upper end of the guideline range.  *See* U.S.S.G. § 5G1.1(c)(2).  A district court may downwardly depart from the Guidelines and impose a sentence below a statutory minimum in order to reflect a defendant's substantial assistance in the investigation or prosecution of another offender upon the government's motion. *See* U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e).  Where a defendant is subject to a statutory minimum sentence, the starting point for a downward departure at an original sentencing hearing for a defendant's substantial assistance is that

6

minimum. *United States v. Head*, 178 F.3d 1205, 1206-08 (11th Cir. 1999) (discussing substantial-assistance departures in the context of an original sentencing hearing).

In *United States v. Williams*, we held that Amendment 706, which amended the U.S.S.G. § 2D1.1(c) offense levels for crack cocaine offenses, did not apply to a defendant who was sentenced to a statutory minimum, pursuant to U.S.S.G. § 5G1.1(b), because that minimum displaced his shorter sentence calculated pursuant to § 2D1.1(c). 549 F.3d at 1339-40. Williams had originally received a downward departure from the statutory minimum based on his substantial assistance. *Id.* at 1338-39. Nonetheless, we determined that the district court's initial point of departure for the substantial-assistance reduction was from the statutory minimum, and thus, Amendment 706's lowering of the crack offense levels had no effect on the court's point of departure upon which Williams's ultimate sentence was based. *Id.* at 1340. This finding was consistent with our earlier decision in *United States v. Pope*, 58 F.3d 1567 (11th Cir. 1995). *Id.* In *Pope*, the defendant was originally subject to a guideline range of 97 to 121 months' imprisonment and a statutory minimum sentence of 120 months' imprisonment. 549 F.3d at 1568. Based on the overlap in these figures, he had a guideline range of 120 to 121 months' imprisonment and received a downward

7

departure to 78 months' imprisonment based on his substantial assistance. *Id.* at 1568-69 & n.1. Although a subsequent retroactive guideline amendment changed his offense level, the amendment did not affect the applicability of the statutory minimum. *Id.* at 1572. Thus, we determined that he was ineligible for a sentence reduction based on the amendment, regardless of the amendment's effect on the underlying offense level. *Id.* at 1569, 1572.

Following *Williams*, we held that, where a defendant was sentenced on the basis of a statutory minimum, pursuant to § 5G1.1(b), a sentencing court lacked jurisdiction to consider a § 3582(c)(2) motion for a sentence reduction, even if a retroactive amendment would lower the defendant's otherwise applicable sentencing range. *Mills*, 613 F.3d at 1078; *see United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (providing that the holding in *Mills*—that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion where the defendant was sentenced on the basis of a statutory minimum—controlled).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable by Amendment 759, made permanent an amendment revising the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Reason for Amend.; U.S.S.G. App. C, Amend. 748, Reason for Amend.; U.S.S.G. App. C, Amend. 759 (adding parts A and C of Amendment 750

8

to U.S.S.G. § 1B1.10(c)).  As a result of these amendments, § 2D1.1(c) now assigns a base offense level of 28 in cases involving at least 112 grams but less than 196 grams of crack cocaine.  *See* U.S.S.G. App. C, Amends. 748, 750; U.S.S.G. § 2D1.1(c)(6) (2011).  Previously, § 2D1.1(c) assigned a base offense level of 30 in cases involving at least 50 grams but less than 150 grams of crack cocaine.  *See, e.g.*, U.S.S.G. § 2D1.1(c)(5) (2008).

Although the parties do not address this issue in their briefs, we are obligated to inquire into the district court's subject-matter jurisdiction *sua sponte*. *Williams*, 510 F.3d at 1293.  As we have previously stated, a district court lacks jurisdiction under § 3582(c)(2) to reduce a defendant's sentence that is not based on a sentencing range that the Sentencing Commission has lowered, but is instead based on a statutory minimum.  *Mills*, 613 F.3d at 1078; *see United States v. Lawrence*, 535 F.3d 631, 636, 638 (7th Cir. 2008) (providing that § 3582(c)(2) confers subject-matter jurisdiction on a court and that the parties cannot waive a district court's subject-matter jurisdiction); *see also United States v. Dunn*, 631 F.3d 1291, 1292 n.1 (D.C. Cir. 2011) (noting that the government's failure to raise whether the defendant's § 3582(c)(2) reduction was proper did not relieve the Circuit of its obligation to assure that the district court had jurisdiction to reduce his sentence, pursuant to § 3582(c)(2)).  Amendment 750 does not affect Earnest's

applicable 120-month statutory minimum, which was the district court's point of departure for the substantial-assistance departure at the original sentencing hearing.  *See Head*, 178 F.3d at 1208; *Williams*, 549 F.3d at 1340.  Accordingly, so long as the statutory minimum was not waived by the substantial-assistance departure below that minimum, the district court lacked jurisdiction to reduce Earnest's sentence.

Earnest raises several arguments for why the statutory minimum was waived on appeal.  However, these arguments are without merit.  In *Williams*, we held that an original substantial-assistance departure below a statutory minimum does not waive that minimum.  *Williams*, 549 F.3d at 1341.  Earnest argues that *Williams* is distinguishable from his case because his statutory minimum was based solely on drug quantity, rather than prior felony drug convictions.  However, in *United States v. Mills*, we extended the holding of *Williams* to defendants, like Earnest, who were sentenced to statutory minimums, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), based on drug quantity, rather than prior felony drug convictions.  *See Mills*, 613 F.3d at 1078 (providing that the holding in *Williams* extends to defendants who were effectively sentenced under the statutory minimum of 21 U.S.C. § 841(b)(1)(A)(iii), notwithstanding their PSI's § 2D1.1 drug quantity calculations).

Next, Earnest argues that *Freeman v. United States*, 564 U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), abrogates *Head* and *Williams*, which hold that a substantial-assistance departure below a statutory minimum sentence does not waive that minimum.  In *Freeman*, the Supreme Court addressed the question of whether defendants who entered into Rule 11(c)(1)(C) plea agreements, which include binding sentencing recommendations, were eligible for § 3582(c)(2) relief. *Freeman*, 564 U.S. at ___, 131 S.Ct. at 2690, 2692.  A plurality of the Court determined that such defendants were eligible for § 3582(c)(2) relief because a district court's decision to accept a Rule 11(c)(1)(C) plea was based on the Sentencing Guidelines, as it had to evaluate the recommended sentence in light of a defendant's applicable guideline range before accepting it.  *Id.* at ___, 131 S.Ct. at 2692-95 (plurality opinion).  Justice Sotomayor concurred in the judgment only and determined that a defendant was only eligible to seek § 3582(c)(2) relief where the Rule 11(c)(1)(C) plea agreement expressly applied a guideline range and the Sentencing Commission later lowered that range.[1]  *Id.* at ___, 131 S.Ct. at 2695, 97-99 (Sotomayor, J., concurring in the judgment).

---

[1]  Generally, when a Supreme Court decision lacks a majority opinion, the holding of the Court may be viewed as that position taken by those justices who concurred in the judgment on the narrowest grounds.  *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977).

In *United States v. Lawson*, we held that *Freeman* was not clearly on point to our decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), holding that a defendant was ineligible for § 3582(c)(2) sentence reduction based on Amendment 706 because he was sentenced as a career offender under U.S.S.G. § 4B1.1, and thus, *Moore* remained binding precedent. *Lawson*, 686 F.3d at 132021. Similarly, *Freeman* is not clearly on point to our decisions in *Head* and *Williams*. *Head*, 178 F.3d at 1206-08; *Williams*, 549 F.3d at 1341. In deciding *Freeman*, neither the plurality nor Justice Sotomayor in her concurrence addressed substantial-assistance departures, much less addressed whether a court's downward departure from a statutory minimum based on a defendant's substantial assistance waived that minimum. *See generally Freeman*, 564 U.S. ___, 131 S.Ct. 2685. Thus, *Head* and *Williams* remain binding precedent as *Freeman* did not address the issue presented in those cases. *See Lawson*, 686 F.3d at 1319.

Earnest argues that he is eligible for a sentence reduction because retroactive application of Amendment 750 lowers his "guideline range," which, after language was added to the commentary to § 1B1.10 by Amendment 759, corresponds to "the offense level and criminal history category determined pursuant to § 1B1.1(a)," as opposed to his "guideline sentence," as calculated

12

pursuant to § 5G1.1.  U.S.S.G. § 1B1.10, comment. (n.1(A)).[2]  We reject Earnest's argument that his "applicable guideline range" does not encompass any changes to that range made pursuant to § 5G1.1, as, even after Amendment 759, a court must still determine whether § 5G1.1 applies in determining a defendant's guideline range, pursuant to § 1B1.1(a). *See Williams*, 543 F.3d at 1340-41 (rejecting Williams's argument that his "guideline sentence" calculated pursuant to § 5G1.1(b), should be viewed as distinct from his "guideline range" because, where the statutory minimum exceeded the range for the entire offense level, the "guideline sentence" was the same as the "guideline range").

Earnest next contends that his argument, that his statutory minimum was dispensed with by his substantial-assistance departure, is supported by the special treatment the Guidelines give to defendants who have received departures on the basis of substantial assistance.  Specifically, he points to § 1B1.10's recently amended statement that a reduction to a defendant's term of imprisonment to less than the minimum of the amended guideline range is only permitted for those defendants who receive substantial-assistance departures.  *See* U.S.S.G. App. C,

---

[2] Amendment 759 added the relevant language to § 1B1.10's commentary to address a circuit split.  U.S.S.G. App. C, Amend. 759, Reason for Amend.  Specifically, the amendment's purpose was to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.1(a), before consideration of any departure provision in the Guidelines or any variance.  *Id.*

13

Amend. 759.  However, we rejected this argument in *United States v. Glover*. *See Glover*, 686 F.3d at 1207-08 (holding that the fact that a court may only reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range where a defendant had received a substantial-assistance departure does not mean that a departure below a statutory minimum waived that minimum). Finally, despite Earnest's arguments to the contrary, he has not identified any ambiguity in § 3582(c)(2) and § 1B1.10 as to whether a statutory minimum is waived by a substantial-assistance departure, such that the rule of lenity applies, as he argues.  *See United States v. Svete*, 556 F.3d 1157, 1169 (11th Cir. 2009) (*en banc*) (explaining that the mere possibility of articulating a narrower construction does not by itself make the rule of lenity applicable).

For the foregoing reasons, we vacate the district court's order because it lacked jurisdiction to reduce Earnest's sentence and remand this case to the district court to reimpose Earnest's original sentence.

**VACATED AND REMANDED.**

14