# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2011

No. 10-30721
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY JEROD MITCHELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:01-CR-20054-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Billy Jerod Mitchell, federal prisoner # 10928-035, is serving a total term of 200 months of imprisonment for various drug related offenses, including conspiring to possess with the intent to distribute cocaine base and phencyclidine. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline for crack cocaine offenses. He argues that the district court erred in determining that he, as a career offender, was ineligible for relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30721

Mitchell also asks this court to remand his case to the district court so it may resentence him under the provisions of the Fair Sentencing Act (FSA), which became effective during the pendency of the instant appeal. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Section 3582(c)(2) "permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (citing § 3582(c)(2)). We review a district court's denial of a reduction under § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Mitchell has not shown that the district court erred in determining that he was ineligible for a reduction of sentence because he was sentenced as a career offender. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Mitchell argues that his sentence was not based on a guidelines range derived from his status as a career offender because the district court granted him a downward departure pursuant to U.S.S.G. § 5K1.1. However, his argument lacks merit. Section 3582(c)(2)'s "phrase 'based on a sentencing range' straightforwardly aligns with the familiar sentencing practice of initially calculating a base range and then considering grounds for departing from it." *United States v. Carter*, 595 F.3d 575, 578 (5th Cir. 2010).

Mitchell's request for a remand is denied. The FSA does not apply retroactively. *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

AFFIRMED.