**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 27, 2012

Lyle W. Cayce
Clerk

No. 12-40806
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KIRK ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CV-61
USDC No. 6:08-CR-22-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kirk Robinson, federal prisoner # 77129-179, filed a 28 U.S.C. § 2255 motion arguing that his sentence for possession with intent to distribute approximately 20 grams of cocaine base should be reduced following the Fair Sentencing Act of 2010. Robinson later requested that his motion be reconstrued as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied his § 2255 motion as untimely filed and denied his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2) motion based on a finding that Robinson had been sentenced as a career offender under the Sentencing Guidelines. Robinson now moves this court for a certificate of appealability (COA) and for leave to appeal in forma pauperis (IFP).

To the extent Robinson seeks a COA from the denial of his § 2255 motion, he does not address the district court's finding that this motion was time-barred. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). Therefore, this issue is deemed abandoned and a COA is denied. *See Hughes v. Johnson,* 191 F.3d 607, 613 (5th Cir. 1999).

Turning to Robinson's § 3582(c)(2) motion, we first note that, because Robinson was sentenced before the FSA's effective date, the act itself does not apply to him. *See Dorsey v. United States,* 132 S. Ct. 2321, 2335-36 (2012); *see also United States v. Doggins,* 633 F.3d 379, 384 (5th Cir. 2011). However, to conform with the FSA, the United States Sentencing Commission has amended the drug quantity tables of the Sentencing Guidelines, and these amendments do apply retroactively. *See Dorsey,* 132 S. Ct. at 2329; U.S.S.G. § 1B1.10(c) (2011); U.S.S.G. App'x C, Vol. III, amend. 750, Pt. C. Pursuant to § 3582(c)(2), a defendant's sentence may be modified if he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission. The district court denied relief based on a finding that, because Robinson had been sentenced as a career offender, his sentencing range had not been lowered by these amendments. The resolution of a § 3582(c)(2) motion is reviewed for an abuse of discretion and findings of fact are reviewed for clear error. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

We have held that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson,* 591 F.3d

789, 791 (5th Cir. 2009). Robinson acknowledges that the PSR calculated a sentencing range based on the career offender guideline, but he argues that the district court found that the career offender guideline overrepresented his criminal history, it granted a departure under U.S.S.G. § 4A1.3(b)(1), and it selected his sentence from a range based on the quantity of cocaine base. Contrary to Robinson's assertions, the district court did not specifically find that his criminal history was overrepresented or depart downward pursuant to the Guidelines. Instead, the district court's Statement of Reasons indicates that it varied downward in light of the sentencing factors of 18 U.S.C. § 3553(a) and its conclusion that the sentencing range calculated using the career offender guideline would result in a punishment greater than necessary to satisfy the sentencing goals of § 3553(a). However, even though the district court varied downward from the calculated guidelines range, Robinson's sentence remained based on the career offender guideline. *Cf. United States v. Carter,* 595 F.3d 575, 577-78 (5th Cir. 2010) (holding that a sentence was "based on" a mandatory statutory minimum sentence, even though it was lowered under another statute), *cited in United States v. Mitchell,* 423 F. App'x 365, 365-66 (5th Cir. 2011) (holding that reduced career offender status was nonetheless based the career offender Guidelines).

Because Robinson was sentenced as a career offender, he has not shown that he was sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). Therefore, the district court did not abuse its discretion by concluding that Robinson was not eligible for a sentence reduction under § 3582(c)(2). *See Evans,* 587 F.3d at 672.

Robinson's motion for a COA is DENIED, the denial of his § 3582(c)(2) motion is AFFIRMED, and his motion for leave to proceed IFP on appeal is DENIED.