[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12000
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00206-VMC-MAP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CEDRIC MITCHELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 5, 2012)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Cedric Mitchell appeals the district court's sua sponte denial of a reduction of his sentence under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 750 to the Sentencing Guidelines. Mitchell is currently serving a 78-month sentence, imposed for conspiracy to possess with intent to distribute cocaine base. Although Mitchell never filed a § 3582(c)(2) motion before the district court, he argued that he was eligible for a sentence reduction under Amendment 750, which lowered the base offense levels corresponding to some cocaine base offenses. The district court denied him the sentence reduction. On appeal, Mitchell argues that: (1) the court erred by using his 120-month statutory mandatory minimum sentence as the starting point for his sentencing calculations, instead of the lower sentence he received pursuant to a U.S.S.G. § 5K1.1 substantial assistance motion filed by the government; (2) in the alternative, the court erred by not finding that his mandatory minimum sentence had been discarded due to the government's substantial assistance motion; and (3) the court should have granted him a sentence reduction in light of the policy statements of U.S.S.G. § 1B1.10 and district court cases. After careful review, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under the prior panel rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of

2

abrogation by the Supreme Court or by this [C]ourt sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Amendment 750, effective November 1, 2011, reduced the base offense levels corresponding to some cocaine base possession offenses. See U.S.S.G. App. C, Amend. 750, Part A (2011). Pursuant to § 3582(c)(2), a defendant whose "sentencing range . . . has subsequently been lowered by the Sentencing Commission" may move the district court to reduce his sentence. 18 U.S.C. § 3582(c)(2). If a retroactively applicable Guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)," the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(B) and comment. (n.1(A)). Amendment 759, effective November 1, 2011, altered § 1B1.10 comment.(n.1(A)), and added the text "(i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)," to the conclusion of that application note. U.S.S.G. App. C, Amend. 759 (2011); see also U.S.S.G. § 1B1.10 comment. (n.1(A)).

3

In  United States v. Head, 178 F.3d 1205 (11th Cir. 1999), a defendant was subject to a statutory mandatory minimum term of imprisonment that was higher than the guidelines range corresponding to the underlying offense and he had received a downward departure for substantial assistance.  In that situation, we held that the downward departure should be taken from the statutory mandatory minimum sentence, rather than from the range of the underlying offense.  Id. at 1208.

Then, in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), we considered the issue of whether a defendant, convicted of a cocaine base possession offense and sentenced under a statutory mandatory minimum scheme, could receive a § 3582(c)(2) sentence reduction in light of Amendment 706, which reduced the base offense levels corresponding with some cocaine base possession offenses.  Id. at 1339.  We analogized a defendant who had been sentenced pursuant to a statutory mandatory minimum sentence above the guideline range corresponding to his underlying offense, to a defendant who had received an elevated sentence pursuant to a designation as a career offender.  Id.  We noted that, in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), we had ruled that a defendant who was sentenced as a career criminal could not receive a sentence reduction in light of Amendment 706, because the amendment had no effect on the "'sentencing range upon which his or her sentence was based.'"  Williams, 549 F.3d at 1339 (quoting Moore, 541 F.3d at

4

1330).  We held that a "statutorily required minimum sentence effectively displaces the shorter sentence and becomes the guideline sentence for that individual," and that "[a]ny downward departure would thereby be from the mandatory minimum rather than the base offense level."  Id. at 1340.  Because Williams had been sentenced to a statutory mandatory minimum, rather than according to the base offense level corresponding to his underlying conviction, Amendment 706 did not reduce his guideline range, and he was ineligible for a reduction of sentence.  Id. at 1342.[1]

Finally, in Freeman v. United States, __ U.S. __, 131 S.Ct. 2685 (2011), the Supreme Court addressed whether a defendant was eligible for a § 3582(c)(2) sentence reduction where his sentence resulted from a Fed.R.Crim.P. 11(c)(1)(C) plea agreement, which allows a prosecutor to agree to a specific sentence or sentencing range.  Id. at 2690; Fed.R.Crim.P. 11(c)(1)(C).  A plurality of the court held that, where a defendant enters into such a plea, a "judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines," and therefore such defendants should be eligible for § 3582(c)(2) relief.  Id. at 2695.

---

[1] Williams also addressed the argument that a downward departure, pursuant to a substantial assistance motion, from a mandatory minimum term constituted a "waiver" or "dispensing of" the guideline range.  549 F.3d at 1341.  We held that such a departure did not constitute a waiver or dispensing of the mandatory minimum, and that such a reading would be contrary to the commentary in § 1B1.10, which indicated that the guidelines range of a defendant who has been sentenced to a statutory minimum would not be lowered by a guideline amendment lowering the guidelines range corresponding to the defendant's underlying offense.  Id.

5

Justice Sotomayor, concurring in the judgment, held that a Rule 11(c)(1)(C) plea agreement was generally based in the agreement itself, rather than the guidelines, but with an exception for cases like Freeman's, where the plea agreement "expressly uses a Guidelines sentencing range." Id. at 2695, 2697-2700 (Sotomayor, J., concurring).

When no single rationale garners the support of a majority of the Supreme Court, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds." Marks v. United States, 430 U.S. 188, 193 (1977) (quotation omitted). Under that rule, Justice Sotomayor's narrow holding, that a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement that expressly uses a Guidelines sentencing range to calculate a recommended sentence is eligible for § 3582(c)(2) relief, is the holding of Freeman. See 131 S.Ct. at 2697-2700 (Sotomayor, J., concurring); accord United States v. Rivera-Martinez, 665 F.3d 344, 345 (1st Cir. 2011) ("Justice Sotomayor's concurring opinion embodies the Freeman Court's holding"); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011) ("Justice Sotomayor's opinion is the narrowest ground for the Court's decision and thus represents the Court's holding").

Here, the district court did not err in calculating Mitchell's sentence by starting from his statutory mandatory minimum. As we held in Williams, a statutory mandatory minimum sentence becomes a defendant's guideline sentence, and any

6

downward departure must be taken from the mandatory minimum sentence, rather than the guideline range corresponding to the underlying offense.  549 F.3d at 1340. Thus, a defendant sentenced to a statutory mandatory minimum sentence is ineligible for a § 3582(c)(2) reduction of sentence when a Guidelines Amendment reduces the applicable guidelines range corresponding to his underlying offense, but does not affect the statutory mandatory minimum.  Id. at 1342.

Mitchell's argument that this holding of Williams has been abrogated by Freeman and Amendment 759 is unavailing.  In Freeman, Justice Sotomayor's concurrence -- which is the "position taken by those Members who concurred in the judgments on the narrowest grounds," Marks, 430 U.S. at 193 (quotation omitted) -- narrowly held that a Rule 11(c)(1)(C) plea agreement was generally based in the agreement itself, rather than the guidelines, but recognized an exception for cases like Freeman's, where the plea agreement "expressly uses a Guidelines sentencing range." Freeman, 131 S.Ct. at 2695, 2697-2700 (Sotomayor, J., concurring).  Because that holding concerns Rule 11(c)(1)(C) plea agreements, a subject not at issue in Head, Williams, or Mitchell's case, Freeman is irrelevant here.

Moreover, the changes that Amendment 759 made to the Guidelines do not disturb Williams's holding.  Amendment 759 is neither a decision of the Supreme Court nor of this Court sitting en banc, and therefore does not negate  Williams.

7

Further, while Amendment 759 defined the term "applicable guideline range" in application note (1)(A) to § 1B1.10(a), the same application note says, prior to that definition, that a sentence reduction is not authorized under § 3582(c)(2) where an amendment does not lower a defendant's guideline range because of the operation of a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10(a)(2)(B) comment. (n.1(A)). Thus, amendment 759 does not create two separate categories for statutory mandatory minimum sentences and applicable guidelines ranges.

As for Mitchell's alternative claim that the statutory mandatory minimum had been "discarded" and "dispensed with" due to the government's filing of a substantial assistance motion, we are unpersuaded. Williams held that a downward departure, pursuant to a substantial assistance motion, from a mandatory minimum term did not constitute a "waiver" or "dispensing of" the guideline range. 549 F.3d at 1341. It explained that such a reading would be contrary to the commentary in § 1B1.10. Id. Neither of the out-of-circuit cases Mitchell cites support his contrary position, nor is either a decision of the Supreme Court or of this Court sitting en banc, and, therefore, Williams' holding remains the law of this Circuit. See Archer, 531 F.3d at 1352.

Finally, we reject Mitchell's claim that Amendment 750 revised the policy statements of § 1B1.10 to show a preference for defendants who provide substantial assistance to the government. As we've already quoted above, the application notes

8

to § 1B1.10 make clear that the district court was not authorized to grant a § 3582(c)(2) reduction because Amendment 750 had no effect upon Mitchell's statutory mandatory minimum sentence, and, therefore, it was not error to deny Mitchell relief. See U.S.S.G. § 1B1.10, comment. (n.1(A)). As for Mitchell's argument that a number of district courts have granted relief in similar cases, that is no basis for this Court to grant relief. The disagreement of some district courts is not sufficient to overturn Williams, which remains the law of this Circuit. See Archer, 531 F.3d at 1352. In short, Mitchell's arguments that Williams has been overturned or undermined to the point of abrogation are unavailing. Accordingly, we affirm the denial of his motion.

**AFFIRMED.**