**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 26, 2012

No. 12-50169
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY BATTLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-41-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Terry Battle, federal prisoner # 30093-208, pleaded guilty to possession with intent to distribute five grams or more of cocaine base (crack). He appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c) based on retroactive amendments to the Sentencing Guidelines governing crack offenses. Battle disputes the district court's conclusions that the 90-month sentence was based on a plea agreement pursuant to Federal Rule of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 11(c)(1)(C) and that the only Sentencing Guidelines on which his sentence could have been based were the career offender Guidelines.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). A reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). A court abuses its discretion if it makes an error of law, and legal issues are reviewed de novo. *United States v. Teuschler*, 689 F.3d 397, 399 (5th Cir. 2012).

The record and the Statement of Reasons establish that the sentence was the result of a Rule 11(c)(1)(C) plea agreement. That alone does not preclude a § 3582 sentence reduction because an agreed-upon sentence may still be "based on" the Sentencing Guidelines. *See Freeman v. United States*, 131 S. Ct. 2685, 2690-2700 (2011) (plurality and concurrence). Nonetheless, the record further establishes that the only Guidelines relevant to Battle's sentence are the career offender Guidelines. Even though the district court ultimately reduced Battle's criminal history category, the sentence remained based on Battle's career offender status. *See United States v. Carter*, 595 F.3d 575, 577-78 (5th Cir. 2010) (holding that a sentence was "based on" a mandatory statutory minimum sentence, even though it was lowered under another statute); *see also United States v. Mitchell*, 423 F. App'x 365, 365-66 (5th Cir. 2011) (holding that a reduced career offender sentence was nonetheless based on the career offender Guidelines).

Battle has failed to show that he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). The judgment of the district court is AFFIRMED.