# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-40711
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE WARNER, JR.,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-55-1

————

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eddie Warner, Jr., federal prisoner # 15092-035, pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). He appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the Sentencing Guidelines governing crack offenses and based on the Fair Sentencing Act (FSA) of 2010, which amended the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

penalties under § 841(b), and which the Supreme Court held applied retroactively to defendants sentenced after the effective date of the FSA in *Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012). Citing *Freeman v. United States*, 131 S. Ct. 2685 (2011), Warner argues that although he pleaded guilty to a specific sentence of 144 months of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), he may seek a reduction under § 3582(c)(2).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, with guideline interpretations reviewed de novo, and findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The Sentencing Guidelines provide that a defendant is not eligible for a reduction if a retroactively applicable amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, p.s., comment. (n.1(A)). Warner was determined to be a career offender, and his guideline range was based on the career offender guidelines. We have held that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

In *Freeman*, the Supreme Court held that defendants who were sentenced pursuant to Rule 11(c)(1)(C) plea agreements were not categorically precluded from receiving a sentence reduction under § 3582(c)(2). *Freeman*,

131 S. Ct. at 2692-95.  However, even if Warner is not categorically barred from a sentence reduction because of his Rule 11(c)(1)(C) plea agreement, nothing in *Freeman* concerns defendants sentenced as career offenders or alters our holding in *Anderson*.  Warner's reduced sentence remained based on his career offender status.  *See United States v. Battle,* 504 F. App'x 326, 327 (5th Cir. 2012) (affirming denial of § 3582(c)(2) motion because defendant's sentence resulting from a Rule 11(c)(1)(C) plea agreement remained based on his career offender status).

In addition, Warner seeks to reduce his sentence based on *Dorsey* and the lower statutory mandatory minimums held to apply to those sentenced after the effective date of the FSA.  Warner was sentenced after the effective date of the FSA.  However, even if his career offender guideline range had been based on the post-FSA statutory sentencing range, his sentence of 144 months under the Rule 11(c)(1)(C) plea agreement would still have been based, to the extent it could be said to be based on the guidelines, on the career offender guidelines.  Warner would still be ineligible for a reduction under § 3582(c)(2) because "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders."  *Anderson*, 591 F.3d at 791.  Warner's arguments about comparable percentage-based reductions under § 1B1.10 are not relevant because he is not eligible for a reduction as a result of an amended guideline range.

Although Warner seeks a reduction under § 3582(c)(2) based on a new statutory sentencing range, he cites no authority which would authorize the district court to reduce his sentence under § 3582(c)(2) on that basis.  Nothing in *Dorsey* changes our precedent that § 3582(c)(2) proceedings are not plenary re-sentencings.  *See United States v. Kelly,* 716 F.3d 180, 181-82 (5th Cir.), *cert. denied,* 134 S. Ct. 439 (2013).  Section § 3582(c)(2)'s application is limited

No. 13-40711

to sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010).

The district court did not abuse its discretion in denying Warner's § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672.

AFFIRMED.