**REVISED November 12, 2014**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2014

Lyle W. Cayce
Clerk

No. 13-30839

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STEPHEN BANKS, also known as Red,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Stephen Banks appeals the denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2). At issue is whether a defendant originally sentenced under the drug quantity table in U.S.S.G. § 2D1.1, but resentenced in a section 3582 proceeding using the career offender provisions in U.S.S.G. § 4B1.1, can bring another section 3582 motion to reduce his sentence based on an amendment to the Sentencing Guidelines that further lowers the guidelines range for crack cocaine in the § 2D1.1 drug quantity

No. 13-30839

table.   For the reasons that follow, we hold that he cannot, and therefore we AFFIRM.

## I.     Factual and Procedural History

Defendant-Appellant Stephen Banks pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base ("crack cocaine") in 2005, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  In the factual basis to his plea agreement, Banks admitted the amount of drugs involved was more than 1.5 kilograms of crack cocaine.  Pursuant to his plea agreement, the Government agreed not to pursue the statutory sentencing enhancement available under 21 U.S.C. § 851 for drug trafficking defendants with prior drug trafficking convictions.

Because of the amount of drugs involved, Banks had a base offense level of 38 under the drug quantity table in § 2D1.1 of the Sentencing Guidelines.  *See* U.S.S.G. § 2D1.1 (2004).  An offender with multiple prior convictions may, however, be sentenced under the provisions for "career offenders" in § 4B1.1.  *See* U.S.S.G. § 4B1.1.  The § 4B1.1 guidelines are only used if they result in a base offense level higher than that arrived at using the § 2D1.1 guidelines.  *See* U.S.S.G. § 4B1.1(b).  Because Banks's base offense level was 38 under § 2D1.1, and would have been only 37 under § 4B1.1, the district court applied § 2D1.1 in sentencing Banks.

After Banks pleaded guilty, the Government moved the court to decrease Banks's offense level by three points for acceptance of responsibility under § 3E1.1, because he pleaded guilty and provided the Government with timely notice of his intention to do so.  *See* U.S.S.G. § 3E1.1.  Additionally, the Government recommended that the court reduce Banks's sentence as he rendered substantial assistance to authorities.  *See* U.S.S.G. § 5K1.1.

Starting with the § 2D1.1 base offense level of 38, the three point reduction for acceptance of responsibility led to an offense level of 35.  Given

No. 13-30839

his criminal history level of VI, the Guidelines range was 292 to 365 months in prison. *See* U.S.S.G. ch.5, pt. A (sentencing table). Granting the Government's request for a reduced sentence for substantial assistance, the district court sentenced Banks to 195 months in prison. *See* U.S.S.G. § 5K1.1.

In 2008, the Sentencing Guidelines were amended, reducing the base offense levels for crack cocaine in the § 2D1.1 drug quantity table. *See* U.S.S.G. Amendment 706; U.S.S.G. § 2D1.1 (2008). Banks moved, under 18 U.S.C. § 3582(c)(2), to reduce his sentence due to the amendment. The district court granted the motion, but, since the new base offense level under § 2D1.1 (36) was *lower* than Banks's § 4B1.1 offense level (37), the court applied the § 4B1.1 offense level as the starting point for the new sentencing calculation. The result was a modified sentence of 175 months imprisonment.[1]

The next year, the Government moved to have Banks's sentence reduced due to additional substantial assistance to the Government. The district court again reduced Banks's sentence, this time to 144 months imprisonment.

The Sentencing Guidelines for crack cocaine have once again been amended, U.S.S.G. Amendment 750, and Banks has moved under section 3582 to have his sentence reduced again in accordance with the lower § 2D1.1 range implemented by Amendment 750. The district court denied Banks's motion, explaining that, because Banks's first section 3582 motion resulted in his being resentenced under § 4B1.1, Amendment 750 did not affect the sentencing range applicable to him. Banks timely appealed.

---

[1] 37 (§ 4B1.1 offense level) − 3 (§ 3E1.1 acceptance of responsibility reduction) = 34 (adjusted offense level). With a criminal history of VI, that yielded a Guidelines range of 262 to 327 months. The court reduced the sentence further on "substantial assistance" grounds, arriving at 175 months.

3

No. 13-30839

## II.     18 U.S.C. § 3582

Banks argues that, as he was not originally sentenced as a career offender, the district court has the power to modify his sentence in light of Amendment 750. Section 3582 generally bars district courts from modifying sentences after they have been imposed. *See* 18 U.S.C. § 3582(b); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). There is "an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Dillon*, 560 U.S. at 824 (quoting 18 U.S.C. § 3582(c)(2)). If the sentencing range is lowered, the district court may "reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[2]

The issue therefore is whether the district court had authority to modify Banks's sentence under section 3582. Since the district court has authority under section 3582(c)(2) only where the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the central question is whether Banks's sentence is "based on" the drug quantity table in § 2D1.1, used in his original sentence, or § 4B1.1, used when his sentence was first modified. We hold that under section 3582, a defendant's sentence is "based on" the guidelines range for the sentence he is currently serving, not the guidelines range used in his original sentencing. We first note that a defendant originally sentenced using

---

[2] The district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable," before reducing the sentence. 18 U.S.C. § 3582(c)(2). The Supreme Court has interpreted the statute as imposing a two-step inquiry: (1) whether the defendant's original sentencing range has been lowered and a reduction would be consistent with applicable policy statements, and (2) whether the reduction is warranted according to the factors set forth in section 3553(a). *Dillon*, 560 U.S. at 827.

the drug quantity table in § 2D1.1 may be resentenced using § 4B1.1 in a section 3582 proceeding when the Guidelines amendment drops the § 2D1.1 offense level below the applicable § 4B1.1 offense level. *See United States v. Jones*, 596 F.3d 273, 277 (5th Cir. 2010) ("Thus, adjusting the three points reduced for Jones's acceptance of responsibility to his sentence after Amendment 706, his new § 2D1.1 level would be 33. Because his career offender offense level would result in a greater sentencing range than would the drug offense level, the career offender level of 34 under § 4B1.1 would control the applicable sentence Jones could receive."). Further, a defendant convicted of a crack cocaine offense but sentenced under § 4B1.1 is not eligible for a section 3582 reduction. *See* U.S.S.G. § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2)."); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) ("The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders."); *United States v. Brown*, 475 F. App'x 512, 513 (5th Cir. 2012) (unpublished) (applying *Anderson* in holding that a defendant was not eligible for a section 3582 reduction in the wake of Amendment 750 because he was sentenced under § 4B1.1); *see also United States v. Warner*, 565 F. App'x 312, 313 (5th Cir. 2014) (unpublished) (same).

The issue therefore becomes whether the fact that Banks's sentence was originally imposed based on § 2D1.1 controls, even though his current, modified sentence is based on § 4B1.1. We hold that it does not. The sentence of a defendant to whom the § 4B1.1 guidelines were applied in a prior section 3582 modification would not be affected even if a district court had authority to consider a section 3582 modification. The § 4B1.1 offense level would still

exceed the amended § 2D1.1 offense level, meaning the § 4B1.1 offense level would continue to apply. *See Jones*, 596 F.3d at 277. As such, Banks's sentence would be unaffected. The purpose of section 3582 is to allow the reduction of a sentence where the amended guidelines would result in a lower guidelines range applicable to the defendant. *See* U.S.S.G. § 1B1.10(a)(1). It is for this reason that section 3582 does not apply when the career offender offense provisions controlled in the original sentencing. *See Anderson*, 591 F.3d at 790–91. As such, the purposes of section 3582 and the amendments to the Sentencing Guidelines are best served by holding that the district court lacks authority to modify Banks's sentence. *See* U.S.S.G. § 1B1.10(a)(1). We also note that this result accords with the general "rule of finality" that forbids federal courts from "modify[ing] a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).

We now address Banks's remaining arguments for a reduction in his sentence. Banks contends that he should be eligible for another reduction under section 3582 because he was never sentenced as a career offender. While that is true as far as his original sentencing was concerned, after Banks's first section 3582 motion, the district court recalculated his sentence under the career offender provisions in § 4B1.1. *Cf. Jones*, 596 F.3d at 277. During Banks's original sentencing, the § 2D1.1 offense level (38) was higher than the § 4B1.1 offense level (37), rendering the § 4B1.1 provisions inapplicable. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). After the 2008 crack cocaine amendments, at issue in Banks's first section 3582 motion, the § 2D1.1 offense level applicable to Banks dropped below the § 4B1.1 offense level. *Compare* U.S.S.G. § 2D1.1(c) (2008) (prescribing an offense level of 36 for "at least 1.5 KG but less than 4.5 KG of Cocaine Base"), *with* U.S.S.G.

§ 4B1.1(b) (prescribing a career offender offense level of 37 for crimes with a statutory maximum of life imprisonment), and 21 U.S.C. §§ 841(b), 846 (prescribing a maximum term of life imprisonment). Therefore, Banks's current sentence, as imposed after his first section 3582 motion, was calculated using the § 4B1.1 provisions.

Banks also argues that his plea agreement precludes him from being sentenced as a career offender under the Guidelines. That contention is simply not supported by the contents of his plea agreement. In the plea agreement, the Government promises that it "will not pursue a sentence enhancement under Title 21, United States Code, Section 851." Section 851 is entitled "Proceedings to establish prior convictions." 21 U.S.C. § 851. Presumably, this is the portion of the agreement that Banks understands to mean that he will not be sentenced as a career offender under § 4B1.1 of the Guidelines. But section 851 has nothing to do with § 4B1.1 of the Sentencing Guidelines. Rather, it lays out the procedure for proving prior convictions that can be used to trigger the statutory sentencing enhancements available under 21 U.S.C. § 841(b)(1)(A). *United States v. Marshall*, 910 F.2d 1241, 1244–45 (5th Cir. 1990); *United States v. Aguilar-Pereira*, No. 00-20893, 2001 WL 1075898, at *1 (5th Cir. Aug. 23, 2001) (unpublished). These statutory sentencing enhancements triggered by prior convictions are substantial, and, given that Banks had prior cocaine convictions (according to the Presentence Investigation Report), the Government's waiver of these provisions was certainly of some value to Banks. *See* 21 U.S.C. § 841(b)(1)(A)(viii) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ."). As such, Banks's plea agreement does not foreclose

application of § 4B1.1, but speaks only to the statutory sentencing enhancements under section 851.

Lastly, Banks argues that *United States v. Tyler*, No. 8:02CR213, 2012 WL 1396550 (D. Neb. Apr. 23, 2012), supports his argument that the district court had authority to reduce his sentence under section 3582. In *Tyler*, the district court reduced the sentence of a defendant who had pleaded guilty under Federal Rule of Criminal Procedure 11(c)(1)(C). *Tyler*, 2012 WL 1396550, at \*4. Relying on *Freeman v. United States*, --- U.S. ---, 131 S. Ct. 2685 (2011), the district court ruled that, because the defendant's plea agreement was based on the Guidelines, the crack cocaine amendments decreased the applicable sentencing range and allowed for modification under section 3582. *See id.* at \*4.[3] We find *Tyler* to be inapplicable here. Banks was not sentenced under an 11(c)(1)(C) plea agreement. In an 11(c)(1)(C) plea agreement, the Government and the defendant "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C). Banks's plea agreement contains no such provision. More fundamentally, in *Tyler* and *Freeman*, the plea agreements at issue were "based on" § 2D1.1. *See Tyler*, 2012 WL 1396550, at \*4; *Freeman*, 131 S. Ct. at 2699, 2700 (Sotomayor, J., concurring).[4] In contrast, here Banks's sentence as

---

[3] Although the defendant in *Tyler* was a "career offender," *see id.* at \*2, and the Government argued that § 4B1.1 should apply to the defendant, *see id.*, the fact that the defendant was a career offender is not mentioned at all in the court's reasoning in modifying the sentence, *see id.* at \*4–\*5. Given the complete lack of an explanation for that omission, there is little that we can make of it.

[4] Justice Sotomayor's concurring opinion is widely considered to express the holding in *Freeman*, as the narrowest grounds on which a majority of the Court agreed in reaching its judgment. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013); *United States*

it stands today is based, not on § 2D1.1, but on § 4B1.1. As such, *Tyler*, and *Freeman*, are inapposite. *See Warner*, 565 F. App'x at 313 (holding that *Freeman* is inapplicable to defendants sentenced under § 4B1.1 seeking a sentence reduction based on amendments to the Guidelines for crack cocaine offenses).

## III.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

*v. Ware*, 694 F.3d 527, 533 & n.3 (3d Cir. 2012); *United States v. Austin*, 676 F.3d 924, 927 (9th Cir. 2012); *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011); *United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011); *see also United States v. Mitchell*, 500 F. App'x 802, 805 (11th Cir. 2012) (unpublished).