# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DOUGLAS JACKSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-10-3

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Douglas Jackson, federal prisoner # 34028-177, proceeding *pro se* on appeal from the denial of his motion for a sentence reduction, pleaded guilty, with a written plea agreement, to possession, with intent to distribute, 500 grams or more of a mixture containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Although Jackson was determined to be a career offender, the court calculated his sentencing range based on his offense level,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10033

under Guideline § 2D1.1, because it was higher than the career-offender offense level, under Guideline § 4B1.1. Prior to the motion at issue, Jackson successfully moved to reduce his sentence, lowering his base offense level to 34, under § 2D1.1, the same as his career-offender offense level, under § 4B1.1.

The district court denied the instant 18 U.S.C. § 3582(c)(2) motion pursuant to Amendment 782, concluding Jackson was ineligible for the reduction. In challenging that denial and his motion for reconsideration, Jackson asserts he is eligible for a sentence reduction based on that amendment.

The court's authority to reduce a sentence pursuant to § 3582(c)(2) is reviewed *de novo*. *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). Section 3582(c)(2) allows a district court to reduce a defendant's sentence if he was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by an amendment to the advisory Guidelines. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Amendment 782, which is retroactive, reduced the base-offense levels for crack-cocaine offenses. *See* U.S.S.G., Supp. to App. C., Amends. 782, 788.

Nevertheless, that Jackson's offense level has been reduced, alone, does not entitle him to a sentence reduction under § 3582(c)(2). *See United States v. Banks*, 770 F.3d 346, 349 (5th Cir. 2014). Although Amendment 782 would reduce Jackson's § 2D1.1 offense level, the court's determining it would use Jackson's career-offender offense level of 34, under § 4B1.1(b), because it is higher than that produced by § 2D1.1 following the amendment, was proper. *Id.* at 348–49. Jackson's sentencing range remains unchanged by the amendment; therefore, the court correctly determined it lacked authority under § 3582(c)(2) to lower his sentence. *See id.*

AFFIRMED.

2