UNITED STATES of America,
Plaintiff-Appellee

v.

Ellis Moses BARBER, Defendant-Appellant

No. 15-30886
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed January 5, 2017

Camille Ann Domingue, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Plaintiff-Appellee

Rebecca Louise Hudsmith, Esq., Federal Public Defender, Federal Public Defender's Office for the Western District of Louisiana, Lafayette, LA, for Defendant-Appellant

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

In 2004, Ellis Moses Barber was convicted of distribution of cocaine base in violation of 21 U.S.C. § 846 and possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Because he had two prior felony drug convictions, Barber originally was sentenced to a statutorily mandated minimum sentence of life imprisonment on the drug charge. *See* 21 U.S.C. § 841(b)(1)(A). Following the Government's motion for a sentence reduction under Federal Rule of Criminal Procedure 35, the district court reduced Barber's sentence on the drug charge to 168 months of imprisonment.

Barber filed a 18 U.S.C. § 3582(c)(2) motion seeking a reduction in his sentence on the drug charge based on Amendment 782 to the Sentencing Guidelines, which reduced the offense levels for drug quantities found in U.S.S.G. § 2D1.1. The district court denied the motion, concluding that because Barber was a "career offender" for purposes of U.S.S.G. § 4B1.1, his guideline calculation was not affected by the amendment. This appeal followed.

In determining whether to reduce a sentence under § 3582(c)(2), the district court must first determine whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). If the court determines that a defendant is eligible for a sentence modification, it must then consider the applicable 18 U.S.C. § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827, 130 S.Ct. 2683. Generally, the district court's denial of a § 3582(c)(2) motion is reviewed for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). However, as relevant here, this court reviews de novo the district court's authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

The discretionary reduction of a defendant's sentence under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." *See* § 3582(c)(2). A district court may reduce a defendant's term of imprisonment if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a)(1), p.s. A reduction is not authorized if the amendment "does not have

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the effect of lowering the defendant's applicable guideline range." *See* § 1B1.10(a)(2)(B), p.s. If the applicable guideline range is not lowered due to the operation of another guideline or statutory provision, the reduction is not authorized. § 1B1.10, p.s., comment. (n.1(A)). "Eligibility for consideration under [ ] § 3582(c)(2) is triggered only by an amendment ... that lowers the applicable guideline range ... which is determined *(before consideration of any departure provision in the Guidelines Manual or any variance).*" § 1B1.10, p.s., comment. (n.(1)(A)) (emphasis added).[1]

In *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009), we held that guidelines amendments lowering the offense levels for crack cocaine offenses did not apply to prisoners sentenced as career offenders. We reasoned that a career offender's sentence "did not derive from the amount of crack cocaine involved in his offense," and that a career offender "was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *Anderson*, 591 F.3d at 791 (internal quotation marks and citation omitted). In *United States v. Carter*, 595 F.3d 575, 577–81 (5th Cir. 2010), we held that a defendant subject to a statutory minimum term of imprisonment was ineligible for a sentence reduction under § 3582(c)(2), even where the district court had departed below that minimum under a statutory exception.

Barber argues that the Supreme Court's decision in *Freeman v. United States*, 564 U.S. 522, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), undermines the decision in *Anderson*. He acknowledges, however, that

---

1. We reject Barber's contention that application of this commentary violates the Ex Post Facto Clause because the commentary does not serve to increase the measure of punishment for the offense. *See Peugh v. United*

this court has rejected that contention. *See United States v. Banks*, 770 F.3d 346, 351 (5th Cir. 2014) (concluding that *Freeman* was "inapposite" to defendants sentenced as career offenders); *see also United States v. Barber*, 517 Fed.Appx. 270, 272 (5th Cir. 2013) (noting that *Freeman* did not address, even tangentially, the factual scenarios in *Carter* or *Anderson*). Barber's contention that language in the decision in *Banks*, 770 F.3d at 348–49, supports his argument that he was eligible for a sentence reduction also is without merit.

Barber has not established that the district court erred in concluding that he was not eligible for relief under § 3582(c)(2). *See Dillon*, 560 U.S. at 826, 130 S.Ct. 2683; *Jones*, 596 F.3d at 276. Accordingly, the judgment of the district court is AFFIRMED.

*States,* —— U.S. ——, 133 S.Ct. 2072, 2082, 186 L.Ed.2d 84 (2013); *see also United States v. Pratt*, 488 Fed.Appx. 845, 846 (5th Cir. 2012).