# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30564
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JON QUINONES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-336-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jon Quinones, federal prisoner # 27275-034, appeals the district court's denial of his motion for a sentence reduction based on Amendments 750 and 759 to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). We review de novo the district court's authority to reduce a sentence pursuant to § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30564

Quinones pleaded guilty to one count of distribution of less than five grams of cocaine base, one count of distribution of less than 500 grams of cocaine hydrochloride, and one count of distribution of 50 grams or more of cocaine base. In adopting the presentence report, the district court determined that Quinones was a career offender under U.S.S.G. § 4B1.1 and, because his base offense level under U.S.S.G. § 2D1.1 was lower than that provided by § 4B1.1, used the § 4B1.1 offense level in calculating his advisory guidelines sentencing range.

Quinones filed the instant § 3582(c)(2) motion pursuant to Amendments 750 and 759 to the Sentencing Guidelines. The district court denied the motion, concluding that Quinones was ineligible for the reduction. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence if he was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). These amendments implemented the Fair Sentencing Act (FSA) by lowering the base offense levels under U.S.S.G. § 2D1.1 for crack cocaine offenses. *See* U.S.S.G., Supp. to App. C., Amends. 750, 759 (Nov. 1, 2011).

By its terms, § 3582(c)(2) allows a district court to reduce a defendant's sentence only if the defendant's "sentencing range" has subsequently been lowered by an amendment to the Guidelines. The fact alone that a defendant's offense level has been reduced is not enough to entitle that defendant to a sentence reduction under § 3582(c)(2). *See United States v. Banks*, 770 F.3d 346, 349 (5th Cir. 2014). Although Amendment 750 would reduce Quinones's § 2D1.1 offense level, § 4B1.1(b) sets Quinones's offense level at 37 as a career offender because it is higher than that produced by § 2D1.1 following the amendment. Quinones's sentencing range is thus unchanged by the

2

amendment.  *See Banks*, 770 F.3d at 349.  Because Amendments 750 and 759 do not lower Quinones's guidelines imprisonment range, the district court correctly determined that it lacked authority under § 3582(c)(2) to lower Quinones's sentence.  *See id.*

The judgment of the district court is AFFIRMED.