# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20437
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON EARL CARBE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-337-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.
PER CURIAM:[*]

Milton Earl Carbe, federal prisoner # 66325-079, was convicted of one count of conspiracy to possess with intent to distribute cocaine, and one count of possession with intent to distribute cocaine. He was sentenced to a total of life imprisonment. He unsuccessfully moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence based on Amendments 706, 711, 715, and 750 to the Sentencing Guidelines. Carbe thereafter moved for a sentence reduction based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on Amendment 782. The district court granted the motion and sentenced him within the amended guidelines range to concurrent terms of 405 months in prison.

Carbe later filed another § 3582(c)(2) motion in which he alleged that he was entitled to a reduction in sentence based on the same amendments that he referenced in his unsuccessful motion. The district court concluded that Carbe was not eligible for a further reduction in his sentence and denied the motion. He now appeals from that denial.

While the § 3582(c)(2) motion at issue was successive, the district court had jurisdiction to consider it. *See United States v. Calton*, 900 F.3d 706, 711 (5th Cir. 2018). We similarly have jurisdiction to review the appeal. *See id.* at 713. Because there are no other jurisdictional or procedural bars to our considering the present appeal, we will address the merits of the motion. *See id.* at 714.

Carbe contends that he was entitled to a reduction in sentence based on Amendments 706, 711, 715, and 750. We review the denial of a § 3582(c)(2) motion for an abuse of discretion, *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011), and review de novo whether a defendant is eligible for a reduction in sentence, *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Section 3582(c)(2) allows for the discretionary reduction of a sentence when the defendant is sentenced to a prison term based on a sentencing range that has subsequently been lowered by the Sentencing Commission under 28 U.S.C. § 994(o). § 3582(c)(2). In deciding whether to reduce a sentence, a district court must first determine that the reduction is consistent with U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under § 1B1.10, a reduction will be authorized if a defendant is serving a term of

No. 17-20437

imprisonment, and the guidelines range applicable to him subsequently has been lowered due to an amendment to the Guidelines set forth in § 1B1.10(d). § 1B1.10(a)(1). A reduction will not be authorized if the qualifying amendment does not have the effect of lowering the defendant's applicable guidelines range. § 1B1.10(a)(2)(B).

While Carbe suggests that the amendments on which his instant motion is based render him eligible for a further sentence reduction, he is misguided. Because he was granted relief in a prior modification proceeding, he can secure another reduction only by showing that a qualifying amendment subsequently lowered the guidelines range applied in that proceeding. *See United States v. Banks*, 770 F.3d 346, 348-50 (5th Cir. 2014); § 3582(c)(2); § 1B1.10(a)(1), (a)(2)(B). The amendments on which his instant motion relies were promulgated and in effect at the time of the prior modification proceeding and, thus, could not have caused his guidelines range to be lowered subsequent to that proceeding. *See* § 3582(c)(2); § 1B1.10(a)(1), (a)(2)(B). In any event, he has not shown that he was eligible for a reduction in sentence because the referenced amendments would not have the effect of reducing his applicable guidelines range. *See* § 3582(c)(2); § 1B1.10(a)(2)(B).

Carbe also asserts that the district court erred because it did not assess whether a sentence reduction was warranted based on the 18 U.S.C. § 3553(a) sentencing factors and his post-sentencing conduct. However, because Carbe failed to establish that he was eligible for a reduction in sentence, the district court had no obligation to consider these factors. *See* § 1B1.10(a)(2)(B); Dillon, 560 U.S. at 826.

AFFIRMED.

3