# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

No. 18-40675
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAWN LYNN DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-190-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shawn Lynn Davis moved the district court to reduce his sentence based on Amendment 782 to the U.S. Sentencing Guidelines, which altered the base offense levels for certain drugs set forth in U.S.S.G. § 2D1.1(c). The district court denied Davis's motion and subsequent motion for reconsideration. Davis appeals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2009, Davis pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack cocaine). A presentence report (PSR) assessed a base offense level of 26 under the drug quantity table in § 2D1.1(c). But because Davis was convicted of two prior drug offenses, the PSR concluded he was a career offender. It increased his base offense level under U.S.S.G. § 4B1.1(b)(A). After applying the career offender enhancement and the acceptance of responsibility adjustment, Davis's final offense level was 35, his criminal history was category VI, and his advisory guidelines range was 292 to 365 months in prison. The district court sentenced him to 300 months.

The district court then twice reduced Davis's term of imprisonment: to 218 months after granting Davis's motion based on the Fair Sentencing Act of 2010; and then again to 164 months.

A defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may seek a sentence reduction that "is consistent with applicable policy statements" from the Commission. 18 U.S.C. § 3582(c)(2). A sentence reduction is not consistent with the Commission's policy statements if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a).

Here, Davis was sentenced as a career offender under § 4B1.1. Davis's arguments that the Government somehow "eliminated" his career offender guideline range are unavailing. The district court referenced that range in Davis's two prior resentencings. Therefore, because Davis was sentenced as a career offender under § 4B1.1, Amendment 782 does not have the effect of lowering his applicable guideline range. *See United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009) (holding that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders," because

their offense levels do "not depend on the amount of drugs involved" but are "moored to the statutory maximum penalty of the underlying crime"). That Davis's sentence was previously reduced for other reasons does not affect his applicable guideline range as a career offender. *See United States v. Banks*, 770 F.3d 346, 348-49 (5th Cir. 2014). Amendment 782 simply does not apply to Davis as a career offender. Accordingly, the district court lacked the authority to grant his motion as a matter of law. *See United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017) (reversing sentence reductions pursuant to Amendment 782 to seventeen defendants whose applicable guideline ranges were based on the career offender guideline in § 4B1.1).

The district court's order is AFFIRMED. Davis's motion to expedite this appeal is DENIED as moot, and his motion to seal is GRANTED.