# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10412
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE ANGELO SOTELO, also known as Joseph A. Sotelo, III, also known as
Baby Joe Sotelo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-5-8

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Joe Angelo Sotelo, federal prisoner # 27290-077, appeals the district
court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction in sentence
pursuant to Amendment 782 to the Sentencing Guidelines. The district court
denied the motion based on a finding that his guidelines range would not be
lowered under Amendment 782 because his career offender status ultimately
controlled.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-10412

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). De novo review applies to the district court's interpretation of the Sentencing Guidelines, and the district court's factual findings are reviewed for clear error. *Id.*

Under Amendment 782, Sotelo's offense level would be lowered by two, from 38 to 36. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); U.S.S.G. App. C, amend. 782. However, the statutory maximum for Count One of Sotelo's conviction was life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 846. His career offender status therefore gave him a base and total offense level of 37. *See* U.S.S.G. § 4B1.1(b)(1). In applying Amendment 782, the career offender guideline remains the same, 37; as it results in a higher guidelines range, it controls. *See United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014) (holding "that a defendant originally sentenced using the drug quantity table in § 2D1.1 may be resentenced using § 4B1.1 in a section 3582 proceeding when the Guidelines amendment drops the § 2D1.1 offense level below the applicable § 4B1.1 offense level"); *see also* U.S.S.G. § 1B1.10(a)(2)(B). With a criminal history category of VI, Sotelo's guidelines range is the same whether his base offense level is 37 or 38. *See* U.S.S.G. ch. 5, pt. A (sentencing table). Amendment 782 thus does not have the effect of lowering Sotelo's guidelines range for purposes of § 3582(c). *See Hernandez*, 645 F.3d at 711; § 1B1.10(a)(2)(B).

AFFIRMED.