# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40716
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERWIN EUGENE SEMIEN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-158-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Erwin Eugene Semien, federal prisoner # 05695-078, was convicted of conspiracy to possess with the intent to distribute less than 500 grams of cocaine, possession with the intent to distribute less than 500 grams of cocaine, possession with the intent to distribute less than 50 grams of methamphetamine, and possession of a firearm by a felon, and was sentenced to a total of 115 months of imprisonment. In 2015, Semien was granted a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. His sentence of 96 months of imprisonment was within the amended guidelines range. Semien subsequently filed another § 3582(c)(2) motion seeking a further reduction in sentence within the same guidelines range based on Amendment 782. The district court concluded that Semien was ineligible for a further reduction in his sentence and denied the motion. He appeals from that denial.

We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Section 3582(c)(2) permits the discretionary modification of a sentence when the defendant is sentenced to a prison term based upon a sentencing range that thereafter is lowered by the Sentencing Commission. § 3582(c)(2). In deciding whether to reduce a sentence under § 3582(c)(2), the district court must first determine whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Because Semien was granted relief in a prior § 3582(c)(2) proceeding, he can secure another reduction only by showing that a qualifying amendment subsequently lowered the guidelines range applied in that proceeding. *See United States v. Banks*, 770 F.3d 346, 348-50 (5th Cir. 2014); § 3582(c)(2); § 1B1.10(a)(1), (a)(2)(B). Amendment 782 does not lower the guidelines range on which his current sentence is based; thus, he was ineligible for a reduction in sentence. *See Banks*, 770 F.3d at 348-50; § 3582(c)(2); § 1B1.10(a)(1), (a)(2)(B).

The judgment of the district court is AFFIRMED. Semien's motion to expedite the appeal is DENIED as moot.