# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2021

Lyle W. Cayce
Clerk

No. 20-60962
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcos Jones,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-117-4

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Marcos Jones, federal prisoner # 18114-043, is serving a 160-month term of term of imprisonment for a methamphetamine conspiracy conviction and a concurrent 120-month sentence of imprisonment for a conviction of being a felon in possession of a firearm. He appeals the district court's denial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Generally, a district court is prohibited from modifying a defendant's sentence after it has been imposed. *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014). Under § 3582(c)(1)(A)(i), however, on the motion of either the Bureau of Prisons (BOP) director or a prisoner, a district court may reduce a prisoner's sentence if, after considering the applicable 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). A district court's decision to deny a prisoner's motion for compassionate release is reviewed for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Jones argues that the district court abused its discretion in denying his motion for compassionate release because the district court failed to give enough weight to his medical problems and the conditions at his prison unit and instead placed too much weight on the sentencing factors of § 3553(a). Jones notes that numerous people at his prison unit had contracted COVID-19, and he asserts that his health problems, particularly his asthma, place him at increased risk of suffering severe consequences from COVID-19. In addition to emphasizing his underlying health problems, Jones asserts that statistics show that his race places him at a higher risk of hospitalization and other complications from the virus. Jones also argues that the district court's concern over creating sentencing disparities by reducing his sentence of imprisonment was unwarranted given his risk of death from COVID-19; he seems to assert that his death would create a type of sentencing disparity.

Because Jones moved for compassionate release, the district court was "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Our

No. 20-60962

review shows that the district court permissibly determined that the § 3553(a) factors weighed against granting compassionate release; it explicitly considered the nature and circumstances of Jones's offense, the seriousness of the offense, Jones's history and characteristics, and whether a sentence reduction would promote respect for the law, provide just punishment, protect the public from further crimes, and avoid unwarranted sentencing disparities. *See* § 3553(a)(1)(2), (6). Because the district court did not, in its § 3553(a) analysis, "base its decision on an error of law or a clearly erroneous assessment of the evidence," it did not abuse its discretion in denying Jones's motion for compassionate release. *See Chambliss*, 948 F.3d at 694.

Accordingly, the district court's order is AFFIRMED.